IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MELISSA LOYD                                                                  Plaintiff

v.                                      2:04CV00186 GH/HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                                      Defendant

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge George Howard, Jr. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**DISPOSITION**

Plaintiff, Melissa Loyd, has appealed the final decision of the Commissioner of the Social Security Administration. Both parties have submitted appeal briefs and the case is ready for decision. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).

Plaintiff filed her fourth application for Supplemental Security Income (SSI), based on disability, on September 27, 2002. (Tr. 75-78)  She had filed at least one application for Disability Insurance benefits, which was denied and apparently not appealed.  (Tr. 157) After conducting an administrative hearing on her latest application for SSI, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had been under a disability within the meaning of the Social Security Act since the date of her application.[2] (Tr. 23)  Plaintiff requested review of the ALJ's decision as it related to Title II benefits (Disability Insurance benefits).  (Tr. 9)  On September 17, 2004, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.   (Tr. 5-7)   Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

Plaintiff seeks to receive Disability Insurance benefits based on the ALJ's favorable decision on her SSI application.  She offers two (inconsistent) arguments to that end: (1) that the SSI application encompassed an application for Disability Insurance benefits (Br. 2) or (2) she had an application for Disability Insurance benefits pending, and the ALJ abused his discretion in not consolidating the two for administrative hearing (Br. 6-7).

First, Plaintiff argues, without citation of authority, that "This [SSI] application also encompassed although not so stated, an

---

[1] The Hon. Wendell C. Fowler.

[2] SSI benefits are not payable for a period prior to the application. Cruse v. Bowen, 867 F.2d 1183, 1185 (8th Cir. 1989).

2

application for SSD benefits as well." (Br. 2)  Plaintiff cites no authority in support of her argument and gives no rationale for why it should be as she states.  Some courts treat such a failure to flesh out such an argument as waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers.  Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted).  As the ALJ and Plaintiff's attorney discussed during the hearing, there must be a written application for Disability Insurance benefits.  (Tr. 298-99) The Court is unaware of, and Plaintiff has not pointed out, any basis for a ruling to the contrary.  Plaintiff's first argument is without merit.

Second, Plaintiff contends that she had a separate Disability Insurance benefits application pending, and the ALJ abused his discretion by not consolidating the two for an administrative hearing.  (Br. 7)  Assuming for the sake of argument that Plaintiff had a Disability Insurance benefits claim pending at the time of the administrative hearing, it seems clear that the ALJ's failure to consolidate the two applications for hearing was not an abuse of discretion.

> (a) *General.*  (1) A consolidated hearing may be held if--

>     (i) You have requested a hearing to decide your benefit rights under title II of the Act and you have also requested a hearing to decide your rights under another law we administer; and
>     (ii) One or more of the issues to be considered at the hearing you requested are the same issues that are involved in another claim you have pending before us.
>     (2) If the administrative law judge <u>decides</u> to hold the hearing on both claims, he or she decides both claims, even if we have not yet made an initial or reconsidered determination on the other claim.
>     (b) *Record, evidence, and decision.* There will be a single record at a consolidated hearing. This means that the evidence introduced in one case becomes evidence in the other(s). The administrative law judge may make either a separate or consolidated decision.

20 C.F.R. § 404.952 (2003) (emphasis added).

The ALJ could have consolidated the two applications for hearing, but was not required to do so. <u>Id.</u> Therefore, his failure to do so was not abuse of discretion. The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 10th day of January, 2006.


*Henry L. Jones, Jr.*
UNITED STATES MAGISTRATE JUDGE